**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10

11   HAI T. LE,

12          Plaintiff,                              No. C 05-4513 PJH

13       v.                                    **ORDER DISMISSING COMPLAINT
                                                AND DENYING APPLICATION TO**
14   SAN FRANCISCO POLICE OFFICERS              **PROCEED IN FORMA PAUPERIS**
     JOHN BRAGANOCO #941, et al.,
15
            Defendants.
16   _____/

17          Pro se plaintiff Hai T. Le filed this action on November 4, 2005, and also filed an

18   application for leave to proceed in forma pauperis ("IFP").  Because the court finds that the

19   complaint must be dismissed under 28 U.S.C. § 915(e)(2), the request for leave to proceed

20   IFP is DENIED.

21                              **BACKGROUND**

22          Plaintiff alleges that on May 8, 2005, he parked his vehicle on a San Francisco

23   street.  He had purchased the vehicle a few days previously from an individual who had

24   purchased it at a police auction.  The vehicle was ticketed for expired registration tags by

25   defendant San Francisco Police Officer John Braganoco # 941 ("Officer Braganoco"), and

26   was towed to the police impound lot by defendant Bill Wren's Towing & Recovery ("Bill

27   Wren's").  The San Francisco Police Department would not release the vehicle until plaintiff

28   presented evidence of current registration.

United States District Court

For the Northern District of California

The California Department of Motor Vehicles ("DMV") refused to issue a current registration for the vehicle until plaintiff paid $337.00, which included, according to the complaint, "fees and penalties that were supposed to be applied to the previous owner." Cplt ¶ 96. According to plaintiff, defendant Lisa A. was the DMV employee who processed the registration renewal. Plaintiff asserts that Lisa A. told him that it was the policy of the DMV "to charge the new owner of a vehicle all the fees, penalties and whatever fee which was supposed to be applied to the previous owner." Cplt ¶ 9. Plaintiff identifies defendant Joan Borucki ("Borucki") as "the agency head and executive officer and Director . . . of the entity known as the Department of Motor Vehicles . . . of the notorious executive branch of the government of the State of California," and asserts that Borucki is "responsible for formulating, implementing, directing and evaluating overall department objectives, policies, programs, and development of short-term and long-range plans." Cplt ¶ 10.

Plaintiff paid the $337.00, and recovered possession of the vehicle on May 10, 2005. He claims that the vehicle's "front end and its components" were "not in good shape as it was before the tow," and that "[w]ith improper, careless hookup and long towing distance, the vehicle could not avoid being abused and damaged." Cplt ¶ 9. Plaintiff alleges that defendants violated his constitutional rights by towing the vehicle without notice or a hearing, and by requiring him to pay $337.00 to recover the vehicle.

Plaintiff filed the complaint in the present action against Officer Braganoco, Bill Wren's, Borucki, and Lisa A., alleging claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988; and 18 U.S.C. § 241 and § 242; and also alleging state law claims. He seeks compensatory and punitive damages, and also seeks injunctive relief "to prevent the defendants from depriving the plaintiff's [sic] again in the future." Cplt ¶ 120.

**DISCUSSION**

A.   Legal Standard

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give

2

**United States District Court**
For the Northern District of California

1    security therefor."  In reviewing an application to proceed IFP, the court may dismiss a case

2    sua sponte if the court determines that the party applying for IFP status has filed a frivolous

3    action, or that the complaint fails to state a claim, or seeks monetary damages from

4    defendants who are immune from suit.  28 U.S.C. § 1915(e)(2); see also Jackson v.

5    Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

6         For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable

7    basis in either law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint

8    lacks an arguable basis in facts or law if controlling authority requires a finding that the

9    facts alleged fail to establish an arguable legal claim.  Guti v. INS, 908 F.2d 495, 496 (9th

10   Cir. 1990).  Thus, a court may dismiss as frivolous complaints that recite bare legal

11   conclusions without any supporting facts.  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir

12   1984); see also Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 ( 9th Cir.1987).

13   The term "frivolous" embraces "not only the inarguable legal conclusion, but also the

14   fanciful factual allegation." Neitzke, 490 U.S. at 325; McKeever v. Block, 932 F.2d 795, 798

15   (9th Cir. 1991).

16        In reviewing a complaint for frivolity, a trial court may "pierce the veil of the

17   complaint's factual allegations and dismiss those claims whose factual contentions are

18   clearly baseless." Neitzke, 490 U.S. at 327.  In so doing, the assessment of the factual

19   allegations must be weighted in favor of the plaintiff.  Denton v. Hernandez, 504 U.S. 25, 32

20   (1992).

21        Where a litigant is acting pro se and the court finds the litigant's complaint frivolous

22   within the meaning of § 1915(e)(2), the court must give the litigant notice of the deficiencies

23   of the complaint and an opportunity to amend before final dismissal, unless it is absolutely

24   clear that the deficiencies of the complaint could not be cured by amendment.  Eldridge v.

25   Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987); Noll v. Carlson, 809 F.2d 1446, 1448 (9th

26   Cir. 1987).

27   B.   Analysis

28        The complaint alleges 24 causes of action, a number of which overlap or are

3

**United States District Court**
For the Northern District of California

duplicative: 1) abuse of procedural due process, 2) abuse of process, 3) extortion, 4) violation of substantive due process, 5) Eighth Amendment violation (imposition of excessive fines), 6) conspiracy to deprive citizen of constitutional rights (42 U.S.C. § 1985(3)), 7) suspended vehicle registration without Fifth Amendment due process, 8) suspended vehicle registration without due process, 9) trespass, 10) violation of Bill of Rights, 11) violation of Article IV of the U.S. Constitution (privileges and immunities clause), 12) conspiracy against rights (18 U.S.C. § 241), 13) deprivation of rights under color of law (18 U.S.C. § 242), 14) sacrificing constitutional rights for public interest, 15) "deprived the tool for making a living" [sic], 16) impairment of right to enjoy life and pursue happiness, 17) impairment of right to travel in interstate commerce, 18) denial of constitutional rights by DMV, 19) impairment of constitutional right to procedural due process, 20) de facto discrimination against Californian, 21) "conspiracy act to deprive constitutional rights and privileges" [sic], 22) "conspiracy act to deprive personal property" [sic], 23) taking advantage of color of law to deprive constitutional rights; and 24) seizure of property without due process of law.  It is not clear exactly which causes of action are alleged against which defendants.

　　　　The court has carefully reviewed the complaint and find that it fails to state a claim. As an initial matter, the court notes that plaintiff pleads no facts in support of many of the causes of action.  For example, he alleges no supporting facts at all in the fourth and eleventh causes of action, and alleges in the eighth, ninth, tenth, sixteenth, seventeenth, eighteenth, twenty-first, twenty-second, and twenty-third causes of action only that "[p]laintiffs [sic] incorporate every other paragraph as though fully set forth in this cause of action."  However, the lengthy "Statement of Fact" that purports to explain plaintiff's various claims is largely incomprehensible, consisting of a mix of factual assertions and legal conclusions beginning with the words, "It is an undisputed fact that . . . " These eleven causes of action must be dismissed because they fail to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and therefore fail to state a claim.

**United States District Court**
For the Northern District of California

1       1.      Claims brought under 42 U.S.C. § 1983

2       Plaintiff alleges various federal constitutional claims under 42 U.S.C. § 1983.

3   Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or

4   immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia

5   Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not

6   itself a source of substantive rights, but merely provides a method for vindicating federal

7   rights elsewhere conferred. Graham v. Connor, 490 U.S. 386, 393-94 (1989). To state a

8   claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured

9   by the Constitution or laws of the United States was violated and (2) that the alleged

10   violation was committed by a person acting under the color of state law. See West v.

11   Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir.

12   1987).

13       A person acts under color of state law if he "exercise[s] power possessed by virtue

14   of state law and made possible only because the wrongdoer is clothed with the authority of

15   state law." West, 487 U.S. at 49 (citation and internal quotation marks omitted). Generally,

16   a public employee acts under color of state law while acting in his official capacity or while

17   exercising his responsibilities pursuant to state law. Johnson v. Knowles, 113 F.3d 1114,

18   1117 (9th Cir. 1997).

19       The Eleventh Amendment to the United States Constitution bars from the federal

20   courts suits against a state by its own citizens, citizens of another state or citizens or

21   subjects of any foreign state. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241

22   (1985). Relying in part on the principle of Eleventh Amendment immunity, the Supreme

23   Court has held that neither a state nor its officials acting in their official capacities are

24   "persons" under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71

25   (1989); Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995). Similarly, state agencies are

26   protected from suit under § 1983. See Wolfe v. Strankman, 392 F.3d 358, 364 (9th Cir.

27   2004). Thus, to the extent that plaintiff alleges the constitutional claims against DMV

28   Director Borucki and DMV employee Lisa A. in their official capacities, those claims must

5

**United States District Court**
For the Northern District of California

1  be dismissed because California State agencies and agency employees are not "persons"

2  who can be sued under § 1983.

3       The complaint alleges that each defendant is being sued in his/her/its "individual

4  capacity."  Cplt ¶¶ 88-92.  State officials such as Borucki and Lisa A., who are sued in their

5  individual capacities, are "persons" under § 1983.  Hafer v. Melo, 502 U.S. 21, 29 (1991).

6  However, in order to plead claims of constitutional violations against Borucki and Lisa A.,

7  plaintiff must allege that they took some affirmative act, participated in another's affirmative

8  act, or failed to perform a legally required duty that caused the deprivation of which the

9  plaintiff complains.  See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

10       The complaint does not allege that Borucki performed any act or failed to perform

11  any duty.  Indeed, Borucki is mentioned only as "the chief executive officer of the

12  Department of Motor Vehicles responsible for enforcing California vehicle codes, DMV

13  policies, customs and usages."  This appears to be a claim that Borucki is liable as a

14  policymaker, but plaintiff does not identify any wrongful policies promulgated or approved

15  by Borucki.  Nor are there any allegations connecting Lisa A. to the alleged constitutional

16  violations.  Thus, the complaint fails to state a claim against either Borucki or Lisa A.

17                    a.      Fourth Amendment Claim of Unlawful Seizure

18       In the twenty-fourth cause of action, plaintiff alleges that "the defendant . . . violated

19  the IV Amendment to the [C]onstitution with willful intent to seize and damage the plaintiff's

20  property."  Cplt ¶ 118.  The Fourth Amendment proscribes "unreasonable searches and

21  seizures."  U.S. Const. amend. IV; Allen v. City of Portland, 73 F.3d 232, 235 (9th Cir.

22  1995).  A "seizure" of property occurs when there is some meaningful interference with an

23  individual's possessory interests in that property.  United States v. Jacobsen, 466 U.S. 109,

24  113 (1984).

25       The ultimate test of reasonableness requires the court to balance the governmental

26  interest that justifies the intrusion and the level of intrusion into the privacy of the individual.

27  Easyriders Freedom F.I.G.H.T. v. Hannigan, 92 F.3d 1486, 1496 (9th Cir. 1996).  The

28  reasonableness of a search or seizure also depends "on how it is carried out."  Tennessee

United States District Court

For the Northern District of California

1    v. Garner, 471 U.S. 1, 7-8 (1985) (emphasis in original).  In other words, even when

2    supported by probable cause, a search or seizure may be invalid if carried out in an

3    unreasonable fashion.  See Franklin v. Foxworth, 31 F.3d 873, 875 (9th Cir. 1994).  In

4    order to determine the reasonableness of a search or seizure, the court must consider the

5    totality of the particular circumstances of each case.  Graham, 490 U.S. at 396; Forrester v.

6    City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994).

7       Plaintiff asserts that "[d]estruction of property is seizure under the Fourth

8    Amendment," citing the Ninth Circuit's opinion in Fully v. Vines, 36 F.3d 65 (9th Cir. 1994).

9    It is true that under certain circumstances, destruction of property in carrying out a search

10    may implicate the Fourth Amendment.  United States v. Jacobsen, 466 U.S. 109, 113

11    (1984); see also Fuller, 36 F.3d at 68 (killing of dog is destruction of property recognized as

12    seizure under Fourth Amendment); San Jose Charter of Hells Angels Motorcycle Club v.

13    City of San Jose, 402 F.3d 962, 977-78 (9th Cir. 2005) (Fourth Amendment "forbids killing

14    of a person's dog, or the destruction of a person's property, when that destruction is

15    unnecessary -- i.e., when less intrusive, or less destructive, alternatives exist").  Under

16    other circumstances, destruction of property in the course of a search may not be

17    objectionable.  See, e.g., United States v. Becker, 929 F.2d 442, 446-47 (9th Cir. 1991)

18    (jack hammering of concrete slab and search beneath it not unreasonable when there was

19    reason to believe it was being used to hide narcotics).

20       Here, however, plaintiff has not stated a claim of unreasonable search and seizure.

21    The towing of the vehicle was authorized by the California Vehicle Code.  No warrant was

22    required, because the vehicle did not have a valid registration and was parked on a public

23    street.  Thus, the seizure was authorized pursuant to the police power of the State of

24    California.  Plaintiff claims that the vehicle's "front end and its components" were "not in

25    good shape as it was before the tow," and that "[w]ith improper, careless hookup and long

26    towing distance, the vehicle could not avoid being abused and damaged."  Cplt ¶ 9.  This is

27    not an allegation that supports a claim of unlawful seizure.  Accordingly, plaintiff fails to

28    state a Fourth Amendment claim of unreasonable seizure, and the twenty-fourth cause of

United States District Court

For the Northern District of California

1    action must be dismissed with prejudice.

2              b.    Due Process Claims

3         The due process clauses of the Fifth and Fourteenth Amendments protect

4    individuals against governmental deprivations of "life, liberty or property" without due

5    process of law.  U.S. Const., amends. V, XIV.  The due process clauses confers both

6    procedural and substantive rights.  See Armendariz v. Penman, 75 F.3d 1311, 1318 (9th

7    Cir. 1996).

8         The primary purpose of procedural due process is to provide affected parties with

9    the right to be heard at a meaningful time and in a meaningful manner.  Fuentes v. Shevin

10   (1972) 407 U.S. 67, 80 (1972).  The right to prior notice and a hearing is central to the

11   Constitution's command of due process.  "The purpose of this requirement is not only to

12   ensure abstract fair play to the individual.  Its purpose, more particularly, is to protect his

13   use and possession of property from arbitrary encroachment – to minimize substantively

14   unfair or mistaken deprivations of property. . . ."  United States v. James Daniel Good Real

15   Property, 510 U.S. 43, 53 (1993).

16        Substantive due process refers to certain actions that the government may not

17   engage in, no matter how many procedural safeguards it employs.  County of Sacramento

18   v. Lewis, 523 U.S. 833, 847 (1998); Blaylock v. Schwinden, 862 F.2d 1352, 1354 (9th Cir.

19   1988).  Substantive due process protects against a State's interference with personal

20   decisions relating to marriage, procreation, contraception, family relationships, child

21   rearing, and education, as well as with an individual's bodily integrity, see Armendariz, 75

22   F.3d at 1319; and against executive abuse of power that shocks the conscience, Chavez v.

23   Martinez, 538 U.S. 760, 781 (2003).

24              i.    Procedural due process claims

25        Plaintiff alleges seven causes of action that can be interpreted as asserting

26   procedural due process violations.  In the first and second causes of action, plaintiff alleges

27   that the towing of his vehicle violated his procedural due process rights.  In the seventh and

28   eighth causes of action, he asserts that the registration of the vehicle was suspended

United States District Court

For the Northern District of California

1    without due process.  In the fifteenth cause of action, he alleges that the suspension of the

2    vehicle registration permanently deprived him of tools for making a living.  In the nineteenth

3    cause of action, he claims that he was deprived of due process when he was compelled to

4    pay the past-due registration fees and penalties in order to obtain a release of the

5    impounded vehicle.  In the twenty-fourth cause of action, he alleges seizure of property

6    without due process.  The court finds that all seven of these causes of action must be

7    dismissed for failure to state a claim.

8         "The requirements of procedural due process apply only to the deprivation of

9    interests encompassed by the Fourteenth Amendment's protection of liberty and property.

10   When protected interests are implicated, the right to some kind of prior hearing is

11   paramount."  Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 569-70 (1972).

12   However, while "liberty" and "property" are "broad and majestic terms," id., 408 U.S. at 571,

13   "the range of interest protected by procedural due process is not infinite," id. at 570.  The

14   Fourteenth Amendment is not "a font of tort law to be superimposed upon whatever

15   systems may already be administered by the States."  Paul v. Davis, 424 U.S. 693, 701

16   (1976).

17        Plaintiff has not set forth a legitimate liberty or property interest of which he has

18   been deprived.  The term "liberty" denotes

19
20            not merely freedom from bodily restraint but also the right of the individual to
             contract, to engage in any of the common occupations of life, to acquire
             useful knowledge, to marry, establish a home and bring up children, to
21            worship God according to the dictates of his own conscience, and generally to
             enjoy those privileges long recognized . . . as essential to the orderly pursuit
22            of happiness by free men.

23   Roth, 408 U.S. at 572 (citation and quotation omitted).  There is little doubt that "[i]n a

24   Constitution for a free people, . . . the meaning of 'liberty' must be broad indeed."  Id.

25   Nevertheless, the court finds no allegation of a deprivation of a liberty interest in the

26   present action, as plaintiff does not assert the loss of any long-recognized privilege

27   "essential to the orderly pursuit of happiness."

28        Thus, the court concludes that plaintiff is claiming that he was deprived of a property

**United States District Court**
For the Northern District of California

1  interest in violation of his procedural due process rights.  The constitutional due process

2  guarantee extends only to property claims to which an individual has a "legitimate claim of

3  entitlement."  Id. at 577.  "To have a property interest in a benefit, a person clearly must

4  have more than an abstract need or desire for it."  Id.  Accordingly, to state a procedural

5  due process claim, a plaintiff must plead facts showing 1) a liberty or property interest

6  protected by the Constitution; 2) a deprivation of that interest by the government; 3) lack of

7  process.  Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir.1993).

8      In the first cause of action, plaintiff asserts that defendants violated his procedural

9  due process rights by seizing his vehicle and by charging him with "various null, voided and

10 unlawful fees, charges and penalties."  Cplt. ¶ 94.  The court interprets this as a claim of

11 deprivation of property without due process, based on the towing of his vehicle.

12     In California, any peace officer or any city or county employee who is engaged in

13 directing traffic or enforcing parking laws and regulations, may remove a vehicle from any

14 public street or highway if that vehicle has a registration expiration date in excess of six

15 months before the date it is found on the public street or highway.  Cal. Veh. Code 22651o.

16 Following such removal, "the vehicle shall be released to the owner or person in control of

17 the vehicle only after the owner or person furnishes the storing law enforcement agency

18 with proof of current registration."  Id.

19     The Ninth Circuit has considered the question whether the towing of an unregistered

20 vehicle without pre-tow notice is constitutional, and has concluded that it is.  In Scholfield v.

21 City of Hillsborough, 862 F.2d 759 (9th Cir. 1988), the court held that pre-tow notice is not

22 required for cars being towed because they are unregistered.  Id. at 762.  The fundamental

23 requirement of due process is the opportunity to be heard "at a meaningful time and in a

24 meaningful manner."  Mathews v. Eldridge, 424 U.S. 319, 333 (1976).  California's

25 provision for notice of the availability of a post-tow hearing within 48 hours satisfies due

26 process.  Goichman v. Reuban Motors, Inc., 682 F.2d 1320, 1325 (9th Cir. 1982).

27     Here, plaintiff does not allege that he requested a post-tow hearing on the issue

28 whether his vehicle was wrongfully towed, or that his request was denied.  Indeed, the facts

alleged in the complaint show that he chose <u>not</u> to request a post-tow hearing, and instead

opted to pay the fees necessary to bring the registration up to date.  Because there is no

possibility that plaintiff can state a claim of violation of procedural due process under the

facts alleged, the first cause of action is dismissed with prejudice.[1]

In the second cause of action, plaintiff alleges "abuse of process," asserting that he

was

> not given notice of any attempt having been made by the defendants to hear
> or decide or preside or propose decisions or execute ministerial acts or take
> evidence from plaintiff or seize property from the plaintiff or trespass the
> fundamental rights of the plaintiff in the actual or constructive presence of the
> plaintiff (or property held by the plaintiff) at a ministerial execution of both an
> Instant Statute and an Instant Statute's indispensible [sic] referred Agency
> Rule at a <u>de jure</u> Agency Action initiated by an Accusation and therein
> approaching the threshold of the jurisdictional prerequisites mandated by the
> "exhaustion of administrative remedies" doctrine and therein triggering the
> defendant's <u>de jure</u> capacity to delegate to SF police officers the defendant's
> power to decide and preside and propose decisions and execute ministerial
> acts and take evidence from the plaintiff and seize property from the plaintiff
> and trespass the fundamental rights of the plaintiff at a ministerial execution
> of a mere naked Instant Statute at a <u>de facto</u> Agency Action initiated by an
> Accusation.

Cplt. ¶ 95.  This sentence is almost entirely unintelligible.  It appears that plaintiff is

attempting to assert a further claim of deprivation of property without due process, based

on the towing of his vehicle.  The court finds that the second cause of action must be

dismissed because it is duplicative of the first cause of action.

The seventh and eighth causes of action allege "suspended vehicle registration"

without due process.  Cplt. ¶¶ 100, 101.  The fifteenth cause of action alleges that the

suspension of the vehicle registration permanently deprived plaintiff of the tools for making

a living.  Cplt ¶ 109.  However, plaintiff alleges no facts showing that the registration of his

vehicle was "suspended" without due process.  The facts pled in the complaint show that

the registration had expired prior to the date plaintiff purchased the vehicle.  At the time the

---

[1]  The court notes that this is not the first case in this district in which plaintiff has filed a § 1983 action alleging a procedural due process claim following the towing of one of his vehicles.   In <u>Le v. Department of Parking and Traffic</u>, C-04-3432 CRB (Jan. 24, 2005), plaintiff's claim that the City of San Francisco's action in towing his illegally parked vehicle without notice violated his right to due process was dismissed, on the ground that no notice or hearing is required before an illegally parked vehicle is towed.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

vehicle was towed, plaintiff was not the registered owner of the vehicle, despite the fact that he had purchased it.  As he voluntarily purchased a vehicle with an expired registration, he has no standing to complain about the "suspended" registration.  He also asserts in the seventh and eighth causes of action that "driver's licenses may not be suspended or revoked" without procedural due process.  He does not, however, plead any facts showing that his driver's license was suspended or revoked.  Accordingly, the court finds that the seventh, eighth, and fifteenth causes of action fail to state a claim.  Because amendment cannot cure the deficiencies of these three causes of action, the dismissal is with prejudice.

In the nineteenth cause of action, plaintiff alleges that he was "[d]enied the right to access a court for hearing to challenge the improper fees and penalties."  Cplt. ¶ 113.  This appears to be a further attempt to allege deprivation of property without due process.  As noted above, plaintiff does not plead facts showing that he requested a post-tow hearing, and that his request was denied.  The vehicle was towed on Sunday, May 8, 2005, and plaintiff paid the fees at the DMV on Tuesday, May 10, 2005.  Under California Vehicle Code § 22852, plaintiff was entitled to a post-tow hearing, following notice of the tow within 48 hours.  However, plaintiff chose to pay the fees necessary to bring the registration up to date, in order to recover the vehicle, rather than requesting a post-tow hearing.  Accordingly, the nineteenth cause of action must be dismissed for failure to state a claim.  As amendment will not cure the deficiencies of this claim, the dismissal is with prejudice.

In the twenty-fourth cause of action, plaintiff alleges seizure of property without due process of law.  He also alleges in the same cause of action that "the defendant" violated the Fourth Amendment to the Constitution "with willful intent to seize and damage the plaintiff's property," asserting that "destruction of property is seizure under the Fourth Amendment."  Cplt ¶ 118.  As stated above, this cause of action fails to state a claim of unlawful seizure under the Fourth Amendment because plaintiff alleges no facts showing that his vehicle was "destroyed."  To the extent that this cause of action can be interpreted as a claim of deprivation of property without due process, the court finds that it should be dismissed for the reasons stated with regard to the first cause of action.

United States District Court

For the Northern District of California

ii.      Substantive due process claim

In the fourth cause of action, plaintiff asserts a claim of "violation of substantive due process," or "depriving person and property without due process of law."  He defines "[due process of] law" as "common law, not the law or the will of some people in the office or the will of a legislature."  Cplt. ¶ 97.  However, plaintiff alleges no facts to support a claim of violation of substantive due process.  Substantive due process forbids the government from depriving a person of life, liberty, or property in such a way that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty."  Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998).  A substantive due process claim can be stated through allegations that the action was "arbitrary and irrational and had no relationship to a legitimate government objective."  City of Los Angeles v. McLaughlin, 865 F.2d 1084, 1088 (9th Cir. 1989).

Here, plaintiff has not alleged facts showing that the impoundment of his vehicle was arbitrary or irrational, or that it had no relationship to a legitimate government purpose.  Indeed, based on the allegations in the complaint, it appears that plaintiff is attempting to assert yet another claim of deprivation of property without due process, or violation of procedural due process, rather than a claim of violation of substantive due process.  Accordingly, this claim is dismissed, with prejudice.

c.      Equal Protection Claim

In the twentieth cause of action, plaintiff alleges "de facto discrimination against Californian [sic]."  He asserts that "[o]ther drivers from other state don't have to pay for California registration fee in order to drive their cars in California."  Cplt ¶ 114.  The court interprets this as a claim of violation of the equal protection clause of the Fourteenth Amendment.

In order to state a claim of violation of his equal protection rights, plaintiff must allege that "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  Here, the complaint asserts no facts showing that defendants acted with

13

United States District Court

For the Northern District of California

1    an intent or purpose to discriminate based on plaintiff's race, gender, or national origin.

2    See, e.g. id. at 1194-95.  Because the court finds that amendment will not cure the

3    deficiencies of the twentieth cause of action, the dismissal is with prejudice.

4                    d.      Eighth Amendment Claim of Excessive Fines

5           In the fifth cause of action, plaintiff alleges that defendants violated the Eighth

6    Amendment by "impos[ing] excessive fine on the plaintiff for no reason, for no violation of

7    any law, for violation of the null and void law which doesn't exist."  Cplt. ¶ 98.  In the

8    fourteenth cause of action, plaintiff alleges a claim of "sacrificing constitutional rights for

9    public interest," alleging that "[t]he defendants seize [sic] the plaintiff's vehicle with the

10   intent to sell by lien sale or at least to impose excessive fines and penalties."  Cplt ¶ 108.

11   In referring to "excessive fines," plaintiff presumably means the $337.00 that he was

12   required to pay to the State of California before the DMV would issue him a current and

13   valid registration for the vehicle.  He asserts that he was "forced to pay the DMV $337.00

14   for various unreasonable null and voided fee and penalties pursuant to the California law

15   and the DMV's policies."  Cplt ¶ 15.  He describes the fees as including "the registration

16   fee, sale tax, use tax and transfer fee."  Cplt ¶ 21.  Plaintiff claims that the total fee of

17   $337.00 "was too much and it overcharged."  Cplt ¶ 9.  He asserts that "defendants can not

18   force the plaintiff to pay various absurd fee [sic] and penalties before the plaintiff was

19   allowed to get his vehicle back."  Cplt ¶ 36.

20          The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor

21   excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const.,

22   amend. VIII.  The excessive fines clause "limits the government's power to extract

23   payments, whether in cash or in kind, 'as punishment for some offense.'"  Austin v. United

24   States, 509 U.S. 602, 609-10 (1993).  The Supreme Court long suggested that the Eighth

25   Amendment applied primarily, and perhaps exclusively, to criminal prosecutions and

26   punishments.  See Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc., 492

27   U.S. 257, 262-65 (1989).  In Austin, however, the Supreme Court stated there was nothing

28   in the history of the Eighth Amendment which indicated its limitation to criminal

United States District Court

For the Northern District of California

1    prosecutions. Austin, 509 U.S. at 608. "[T]he question is not . . . whether [a fine] . . . is civil

2    or criminal, but rather whether it is punishment." Id. at 610. Even assuming a fine serves

3    some remedial purpose, it will be considered punishment if it also serves "either retributive

4    or deterrent purposes." Id. at 621.

5        The Court in Austin declined to articulate a test for determining whether a fine is

6    excessive. However, the court finds it unnecessary to consider whether plaintiff has stated

7    facts sufficient to support an Eighth Amendment claim of excessive fines, because plaintiff

8    cannot state such a claim against the defendants herein. The registration fees and taxes

9    that plaintiff finds objectionable are imposed by the State of California, not by any of the

10   defendants named in this lawsuit. Moreover, plaintiff cannot amend the complaint to state

11   an excessive fines claim against the DMV or the State of California, because states and

12   their agencies are not persons under § 1983. Because plaintiff cannot state an Eighth

13   Amendment claim, the fifth and fourteenth causes of action must be dismissed with

14   prejudice.

15                  e.    Claim of Violation of Privileges and Immunities Clause

16       In the eleventh cause of action, entitled "Violation of Article IV of the US

17   Constitution," plaintiff alleges "[d]eprivation of privileges and immunity [sic] guaranteed by

18   the US Constitution without due process of law." Cplt ¶ 105. Article IV, section 2 of the

19   United States Constitution provides, "The Citizens of each State shall be entitled to all

20   Privileges and Immunities of Citizens in the several States." U.S. Const, Art. IV, § 2. The

21   privileges and immunities clause was intended to "fuse into one Nation a collection of

22   independent, sovereign States" by putting citizens of separate states on equal footing in

23   respect of the advantages conferred by state citizenship. Toomer v. Witsell, 334 U.S. 385,

24   395 (1948).

25       A right secured under the privileges and immunities clause is the right of a citizen to

26   "remove to and carry on business in another [state] without being subjected in property or

27   person to taxes more onerous than the citizens of the latter state are subjected to." Shaffer

28   v. Carter, 252 U.S. 37, 56 (1920). The privileges and immunities clause is not absolute,

15

1   however, and thus does not preclude discrimination in all circumstances. <u>Toomer</u>, 334

2   U.S. at 396.  The clause bars discrimination only where there is "no substantial reason . . .

3   beyond the mere fact that they [persons being discriminated against] are citizens of other

4   States." <u>Id.</u>

5       Rights that are not "fundamental" do not "fall within the purview of the privileges and

6   immunities clause." <u>United Bldg. and Construction Trades Council v. City of Camden</u>, 465

7   U.S. 208, 218 (1984).  A state need not apply all of its laws and all of its services equally to

8   residents and nonresidents alike, <u>see</u> <u>Baldwin v. Fish & Game Comm'n of Montana</u>, 436

9   U.S. 371, 384 (1978), but must justify its choice to discriminate if the right at stake is

10  "fundamental" in the context of the privileges and immunities clause. <u>Hawaii Boating Ass'n</u>

11  <u>v. Water Transp. Facilities Div.</u>, 651 F.2d 661, 667 (9th Cir. 1981); <u>see also</u> <u>City of</u>

12  <u>Camden</u>, 465 U.S. at 222 (even if privilege protected, discrimination not precluded where

13  there is a substantial reason for the difference in treatment).

14      The "privileges" and "immunities" (i.e. "fundamental rights") afforded constitutional

15  protection are limited to that which "bear upon the vitality of the Nation as a single entity"

16  and those "basic and essential activities, interference with which would frustrate the

17  purposes of the Union." <u>Baldwin</u>, 436 U.S. at 383, 387.  The specific right to practice one's

18  occupation (or engage in lawful commerce, trade, or business) in the State, to procure

19  medical services, to own and dispose of privately held property within the state, to access

20  the courts of the State, and to interstate travel have been judicially recognized as

21  "fundamental" in the context of the privileges and immunities clause. <u>Saenz v. Roe</u>, 526

22  U.S. 489, 502 (1999).

23      As noted above, the complaint alleges no facts supporting this claim.  Accordingly,

24  the court finds that it must be dismissed for failure to state a claim.  As plaintiff has pled no

25  facts showing that defendants violated any of his fundamental rights, and as this case does

26  not involve any claim that plaintiff was treated differently than a resident of a state other

27  than California, the court finds that amendment will not cure the deficiencies of the eleventh

28  cause of action, and the dismissal is therefore with prejudice.  To the extent that the

United States District Court

For the Northern District of California

1   eleventh cause of action can be interpreted as asserting yet another claim of deprivation of

2   property without due process, it is dismissed for the reasons stated above with regard to

3   the first cause of action.

4               f.      Claim of Impairment of Right to Enjoy Life and Pursue Happiness

5         In the sixteenth cause of action, plaintiff alleges impairment of right to enjoy life and

6   pursue happiness.  This is not a cognizable claim.  Although the Constitution provides

7   many important protections, a specific guarantee for the pursuit of happiness is not among

8   those granted by the Constitution or its amendments.  Accordingly, this claim fails to state a

9   cause of action upon which relief may be granted.  Further, the Court finds that it would be

10  futile for the plaintiff to attempt to state a cognizable claim for the "right to enjoy life" or the

11  "pursuit of happiness" through repleading.  Therefore, the sixteenth cause of action is

12  dismissed with prejudice.[2]

13               g.      Claim of Impairment of Right to Interstate Travel

14        The court interprets the seventeenth cause of action (impairment of right to travel in

15  interstate commerce) as a claim of impairment of the right to interstate travel.  The

16  Supreme Court has long recognized a fundamental right to interstate travel.  United States

17  v. Guest, 383 U.S. 745, 757-58 1966); see also Attorney General of New York v.

18  Soto-Lopez, 476 U.S. 898, 901-03 (1986).  However, plaintiff has pled no facts showing

19  that any defendant interfered with his right to travel to a state outside California.  "Burdens

20  on a single mode of transportation do not implicate the right to interstate travel."  Miller v.

21  Reed, 176 F.3d 1202, 1205 (9th Cir. 1999).  There is no "fundamental right to drive," see id.

22  at 1206, much less a fundamental right to drive a particular vehicle.  The towing of plaintiff's

23  vehicle did not interfere with his right to travel.  Plaintiff was free and remains free to travel

24  anywhere he wishes – by airplane, train, bus, motorcycle, or another private vehicle, or

25  even on foot.  Because there is no possibility that plaintiff can amend the seventeenth

26

27        [2]  To the extent that the sixteenth cause of action can be interpreted as a claim of
28  deprivation of property without due process, it is dismissed for the reasons stated with regard
    to the first cause of action.

17

**United States District Court**
For the Northern District of California

1    cause of action to state a cognizable claim, it is dismissed with prejudice.

2              h.    General Claims of Deprivation of Constitutional Rights

3         Finally, three causes of action – the tenth (violation of Bill of Rights), eighteenth

4    (denial of constitutional rights by DMV), and twenty-third (taking advantage of color of law

5    to deprive constitutional rights) – are simply restatements of a general § 1983 claim of

6    violation of constitutional rights.  These causes of action do not state a claim because

7    plaintiff has not identified the alleged constitutional violation or (in the tenth and twenty-third

8    causes of action) the defendant, and must therefore be dismissed on that basis.  The

9    eighteenth cause of action must be dismissed with prejudice, as the DMV is not named as

10   a defendant in this case, and cannot be so named because it is not a "person" within the

11   meaning of § 1983.  See Sykes v. State of Calif., 497 F.2d 197, 201 (9th Cir. 1974).

12        2.    Claims under 42 U.S.C. §§ 1985(3), 1986, 1988

13        In the sixth cause of action, plaintiff alleges that defendants conspired to deprive him

14   of his constitutional rights, in violation of 42 U.S.C. § 1985(3).  He asserts, "One goes out

15   there to tow car, the other in the office imposes fines and withholds vehicle registration with

16   the intent to deprive people the right to use the vehicle. . . . The defendants have total

17   control of the plaintiff's vehicle.  The police, the towing company and the DMV employees

18   all work together to deprive citizen of constitutional rights."  Cplt ¶ 99.  In the twenty-first

19   cause of action, plaintiff alleges that defendants conspired to deprive him of his

20   constitutional rights and privileges, but allege no facts in support of the claim.  In the

21   twenty-second cause of action, plaintiff alleges "conspiracy act to deprive personal

22   property," but alleges no facts in support.  The court interprets the twenty-first and twenty-

23   second causes of action as claims under § 1985.

24        To state a claim for conspiracy to violate constitutional rights, "the plaintiff must state

25   specific facts to support the existence of the claimed conspiracy."  Burns v. County of King,

26   883 F.2d 819, 821 (9th Cir. 1989).  The elements of a cause of action under

27   § 1985(3) are (a) a conspiracy, (b) to deprive any person or class of persons of the equal

28   protection of the laws, (c) an act by one of the conspirators in furtherance of the

**United States District Court**
For the Northern District of California

1   conspiracy, and (d) a personal injury, property damage, or deprivation of any right or

2   privilege of a citizen of the United States.  United Bhd. of Carpenters and Joiners of

3   America v. Scott, 463 U.S. 825, 828-29 (1983).

4          In order to plead the first of these four elements, a plaintiff must allege facts showing

5   the existence of an agreement or meeting of the minds to violate constitutional rights."

6   Mendocino Env. Ctr. v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999).

7   To meet the second of these four elements, a plaintiff must identify a legally protected right

8   and state facts indicating that the deprivation of the right was motivated by "some racial, or

9   perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators'

10  action." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993).  Specifically,

11  a plaintiff bringing a cause of action under § 1985(3) must allege facts showing that he is a

12  member of a class that the courts have designated as suspect or quasi-suspect "requiring

13  more exacting scrutiny or that Congress has indicated through legislation that the class

14  required special protection." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.

15  1992); see also Voight v. Savell, 70 F.3d 1552, 1564 (9th Cir. 1995).

16         Here, the complaint alleges no race- or class-based discriminatory animus on the

17  part of defendants.  Thus, plaintiff's claim under § 1985 lacks an arguable basis in law.

18  See Saint Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987); Aldabe v. Aldabe, 616

19  F.2d 1089, 1092 (9th Cir. 1980).  In addition, to state a claim for conspiracy under § 1985,

20  a plaintiff must first have a cognizable claim under § 1983.  Caldeira v. County of Kauai,

21  866 F.2d 1175, 1182 (9th Cir. 1989).  As explained above, plaintiff has no cognizable claim

22  under § 1983.  Thus, the sixth, twenty-first, and twenty-second causes of action must be

23  dismissed with prejudice.  Further, because plaintiff cannot state a claim under § 1985, his

24  § 1986 claim fails.  Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 626 (9th Cir.

25  1988).  Because plaintiff is not the prevailing party, he cannot recover under § 1988.

26         3.     Claims under 18 U.S.C. §§ 241, 242

27         In the twelfth and thirteenth causes of action, plaintiff alleges claims under 18 U.S.C.

28  §§ 241 and 242.  However, those statutes, which provide a basis for criminal prosecution,

United States District Court

For the Northern District of California

do not provide a private right of action and cannot form the basis for a civil suit.  Aldabe, 616 F.2d at 1092; see also Polk County v. Dodson, 454 U.S. 312, 320-21 & n.9 (1981).  Thus, the twelfth and thirteenth causes of action must be dismissed with prejudice.

4.      State law claims of "extortion" and "trespass."

a.      Extortion

In the third cause of action, plaintiff alleges a claim of extortion.  Plaintiff asserts that the $377.00 charged by the DMV "was too much and over charged for the little sticker and a vehicle registration."  Cplt ¶ 96.  He claims that although he did not want to pay the fees, "because it was absurd and it was too much for the plaintiff and for the plaintiff's vehicle," Lisa A warned him that the fees would go up soon and the vehicle would be sent to auction after thirty days."  Id.  Plaintiff alleges that he "had no choice" but to pay whatever the DMV demanded.  He apparently believes this constitutes "extortion."

Extortion is defined in § 518 of the California Penal Code as "the obtaining of the property of another, with his consent, or the obtaining of an official act of a public officer, induced by a wrongful use of force or fear, or under color of public right."  Cal. Penal Code § 518.  "Extortion" is similar to robbery in some respects, but differs in that robbery requires a "felonious taking" (a specific intent to permanently deprive the victim of the property), and also requires the property to be taken from the victim's "person or immediate presence," while extortion does not.  People v. Torres, 33 Cal. App. 4th 37, 50 (1995).

Extortion is a criminal offense.  There is no indication in Penal Code § 518 that the California Legislature intended to create a private right of action for extortion.  Accordingly, the court finds that plaintiff cannot state a claim for extortion, and that the third cause of action must be dismissed with prejudice.

b.      Trespass

In the ninth cause of action, plaintiff alleges a claim of "trespass," but pleads no facts to support this claim.  As there are no allegations in the complaint of interference with real property, the court interprets the ninth cause of action as a claim of trespass to chattels, based on the towing of the plaintiff's vehicle.

**United States District Court**

For the Northern District of California

1    The tort of trespass to chattels "allows recovery for interferences with possession of

2    personal property 'not sufficiently important to be classed as conversion, and so to compel

3    the defendant to pay the full value of the thing with which he has interfered.'" Intel Corp. v.

4    Hamidi, 30 Cal. 4th 1342, 1350-51 (2003) (quoting Prosser & Keeton, Torts (5th ed.1984) §

5    14).  Under California law, trespass to chattels "lies where an intentional interference with

6    the possession of personal property has proximately caused injury." Thrifty-Tel, Inc. v.

7    Bezenek, 46 Cal. App. 4th 1559, 1566 (1996).  To be actionable, the defendant's

8    interference must have caused some injury to the chattel or to the plaintiff's rights in it.

9    Intel, 30 Cal. 4th at 1351.  Under section 218 of the Restatement Second of Torts,

10       [t]he interest of a possessor of a chattel in its inviolability, unlike the similar
         interest of a possessor of land, is not given legal protection by an action for
11       nominal damages for harmless intermeddlings with the chattel. In order that
         an actor who interferes with another's chattel may be liable, his conduct must
12       affect some other and more important interest of the possessor. Therefore,
         one who intentionally intermeddles with another's chattel is subject to liability
13       only if his intermeddling is harmful to the possessor's materially valuable
         interest in the physical condition, quality, or value of the chattel, or if the
14       possessor is deprived of the use of the chattel for a substantial time, or some
         other legally protected interest of the possessor is affected as stated in
15       Clause (c).

16   Restatement Second of Torts, § 218 comment e, quoted in Intel, 30 Cal. 4th at 1351.

17   Plaintiff alleges no facts showing that defendants wrongfully interfered with his

18   legitimate interest in an unregistered vehicle.  Because the law permitted the towing of

19   plaintiff's vehicle, plaintiff cannot state a claim for trespass to chattels.  Accordingly, the

20   ninth cause of action must therefore be dismissed with prejudice.

21       4.    Claim for Injunctive Relief

22   Plaintiff seeks injunctive relief to prevent the defendants from violating his rights in

23   the future.  However, he alleges no facts indicating that he faces an immediate threat of

24   irreparable injury with an inadequate remedy at law.  Thus, he states no claim that would

25   warrant injunctive relief.  See Easyriders Freedom F.I.G.H.T. v. Hannigan, 92 F.3d 1486,

26   495-96 & n.5 (9th Cir. 1996).

27                          **CONCLUSION**

28   In accordance with the foregoing, the court dismisses the complaint for failure to

21

state a claim.  The first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, eleventh,

twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth,

twentieth, twenty-first, twenty-second, and twenty-fourth causes of action are DISMISSED

WITH PREJUDICE.

To the extent that plaintiff intended the tenth and twenty-third causes of action to

allege a constitutional claim or claims other than a claim of unlawful search and seizure, a

claim of violation of procedural or substantive due process, a claim of violation of the right

to equal protection, a claim of violation of the excessive fines clause, a claim of violation of

the privileges and immunities clause, or a claim of impairment of the right to interstate

travel – all of which have been dismissed with prejudice – plaintiff may amend the

complaint to state that constitutional claim.  Any such cause of action must state facts

supporting the claim, and must identify the defendant or defendants alleged to have taken

some affirmative act, to have participated in another's affirmative act, or to have failed to

perform a legally required duty that caused the deprivation of which the plaintiff complains.

Any amended complaint must be filed no later than June 15, 2006.  If no amended

complaint is filed by that date, the court will dismiss the case.

**IT IS SO ORDERED.**

Dated: May 15, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court

For the Northern District of California